## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KEPNER-TREGOE, INC. | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 3:08-cv-1627-FLW |
| | : | |
| | : | |
| v. | : | |
| | : | |
| TRACY LEARNING, INC. | : | |
| | : | **OPINION** |
| Defendant. | : | |
| | : | |

**WOLFSON, United States District Judge:**

Presently before the Court is a motion brought by Defendant Tracy Learning, Inc.

("Defendant"), to dismiss Plaintiff Kepner-Tregoe, Inc.'s ("Plaintiff") Complaint pursuant to

Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.  In its Complaint, Plaintiff alleges that

Defendant has committed acts of copyright infringement in the State of New Jersey. For the

following reasons, the Court grants Defendant's Motion to Dismiss.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is a Delaware corporation whose principal place of business is located in Princeton,

New Jersey. Plaintiff's Compl. ¶1.  As a part of its business, Plaintiff owns copyright

registrations for works known as "Resolve: Notes and Reference" and "Problem Solving &

Decision Making: Notes and Reference." Id. ¶6.  Defendant is a Utah Corporation that maintains

its principal place of Business in Orem, Utah.  Id. ¶2. In addition to its operations in Utah,

Plaintiff alleges that Defendant conducts business and has committed acts of copyright

infringement in New Jersey. Id.

Plaintiff initiated the instant action in this Court on April 2, 2008. In its Complaint, Plaintiff asserts one count of copyright infringement. Specifically, Plaintiff alleges that Defendant "had access to [Plaintiff's] copyrighted works and has copied, used, distributed, published and/or caused to be published one or more written works, including a work known as 'Systematic Problem Solving,' [sic] that infringes [Plaintiff's] copyrights." Id. ¶8. As a result, Plaintiff asks this Court to permanently enjoin Defendant from directly or indirectly distributing materials which infringe Plaintiff's copyrights, statutory damages as provided by 17 U.S.C. 504(c)(2), an accounting of Defendant's profits attributable to the alleged copyright infringement, and attorney's fees and costs. Defendant filed this Motion to Dismiss for Lack of Jurisdiction on August 12, 2008. On a conference call with the parties on January 6, 2009, Defendant agreed to submit a supplemental Declaration regarding jurisdiction from a corporate representative. For the following reasons, Defendant's Motion to Dismiss for Lack of Personal Jurisdiction is granted and the case is dismissed without prejudice.

## II. DISCUSSION

### A. Personal Jurisdiction

The present motion challenges whether this Court has personal jurisdiction over Defendant. Once challenged, a plaintiff bears the burden of establishing personal jurisdiction. General Elec. Co. v. Deutz AG, 270 F.3d 144, 150 (3d Cir. 2001) (finding the plaintiff must demonstrate "[a] nexus between the defendant, the forum and the litigation."). However, given that this Court did not hold an evidentiary hearing, Plaintiff need only establish a prima facie case of personal jurisdiction. Tocci v. Antioch University, No. 07-1341, 2007 WL 2362592, at *2 ( D.N.J.,

August 15, 2007) (citing <u>Miller Yacht Sales, Inc. v. Smit</u>, 384 F.3d 93, 97 (3d Cir. 2004).

Accordingly, in considering Defendant's Motion, this Court takes Plaintiff's allegations as true

and resolves all factual disputes in Plaintiff's favor.  <u>Miller</u>, 384 F.3d at 97.

Federal Rule of Civil Procedure 4(k) requires a district court to exercise personal jurisdiction

according to the law of the state where it sits. In this instance, the New Jersey long-arm statute

establishes New Jersey's jurisdictional reach conterminous to that allowed for under the U.S.

Constitution, subject only to due process of law.  Thus, the central inquiry is whether Defendant

has "certain minimum contacts with. . . .[New Jersey] such that the maintenance of the suit does

not offend traditional notions of fair play and substantial justice." <u>See</u> <u>Int'l Shoe Co. v.</u>

<u>Washington</u>, 326 U.S. 310, 316 (1945) (internal quotation omitted). At this point, the Court must

determine whether it has general or specific jurisdiction over Defendant.

### B. General and Specific Jurisdiction

The Court may assert personal jurisdiction in one of two ways.  General jurisdiction over

non-forum related claims is proper if the defendant has engaged in "systematic and continuous"

activities in the forum state. General jurisdiction allows a court to assert personal jurisdiction

over an out-of-court defendant when "that party can be called to answer any claim against her,

regardless of whether the subject matter of the cause of action has any connection to the forum."

<u>Mellon Bank P.S.F.S. v. Farino</u>, 960 F.2d 1217, 1221 (3d Cir. 1992).  The assertion of general

jurisdiction over non-forum related activities is proper when the defendant has engaged in

"systematic and continuous" activities in the forum state.  <u>Helicopteros</u>, 466 U.S. at 414-16.

The inquiry as to which specific jurisdiction exists has three parts.  First, Defendants must

have "purposefully directed [their] activities" at the forum.  <u>Burger King Corp. v. Rudzewicz</u>,

471 U.S. 462, 472 (1985)(quotation marks omitted).  Second, the litigation must "arise out of or

relate to" at least one of those activities.  Helicopteros, 466 U.S. at 414; Grimes v. Vitalink

Commc'ns Corp., 17 F.3d 1553, 1559 (3d Cir. 1994).  Finally, if the prior two requirements are

meet, the Court may consider whether the exercise of jurisdiction otherwise "comport[s] with

'fair play and substantial justice.'" Burger King, 471 U.S. at 476 (quoting Int'l Shoe, 326 U.S. at

320).

At the threshold level, the defendant must have "purposefully avail[ed] itself of the privilege

of conducting activities within the forum."  Hanson v. Denckla, 357 U.S. 235, 253 (1958).

Physical entrance is not required.  See Burger King, 472 U.S. at 476.  But what is necessary is a

deliberate targeting of the forum.  O'Connor v. Sandy Lane Hotel Co., Ltd., No. 05-3288, 2007

U.S. App. LEXIS 17932, at *7 (3d Cir. Jul. 26, 2007).  Thus, the "unilateral activity of those who

claim some relationship with a nonresident defendant" is insufficient.  See Hanson, 357 U.S.

253.  Further, contacts with a state's citizens that take place outside the state are not purposeful

contacts with the state itself.  See Gehling v. St. George's Sch. of Med., Ltd., 773 F.2d 539, 542-

43 (3d Cir. 1985). Moreover, the jurisdictional nexus must also be the result of intentional

conduct by the defendant and not merely "random, fortuitous, or attenuated contacts."  Amberson

Holdings v. Westside Sotry Newspaper, 110 F.Supp.2d 332, 334 (D.N.J. 2000)(internal quotation

omitted).

### C. Personal Jurisdiction and the Internet

Over the last few years, businesses have taken to the Internet for a variety of reasons,

including selling products or providing information to would-be customers and investors.  Due to

this recent development, courts must now consider what weight, if any, must be given to

4

commercial web sites in determining whether personal jurisdiction is proper.  "In addressing the development of this doctrine, the Third Circuit has held that the operation of a commercially interactive website, accessible in the forum state, is insufficient to support personal jurisdiction by itself."  Happy Chef, Inc. v. Dauben, No. 07-5020, 2008 WL 4056190, at *3 (D.N.J. Aug. 28, 2008) (discussing Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 454 (3d Cir. 2003).  And again, this Court has stressed that "publication of a page on a website, without more, is not an act by which a party purposefully avails itself of the privileges of conducting business in the forum state."  Tocci, 2007 WL 2362592, at *3.  Instead, personal jurisdiction is proper when "a defendant web site operator intentionally targets the site to the forum state, and/or knowingly conducts business with forum state residents via the site."  Step Two, 318 F.3d at 452.

In the instant matter, Plaintiff asserts in its Complaint that Defendant "is conducting business and committing acts of infringement in this judicial district."  Pl.'s Compl. ¶2. To buttress its allegation, Plaintiff relies on Defendant's website, which states:

> [Defendant] has delivered courses throughout the United States as well as Great Britain, Canada, Singapore, China, Australia, S. Korea, Taiwan, New Zealand and the Philippines.  We have certified trainers in all these locations.

Declaration of Fernando M. Pinguelo ("Pinguelo Decl."), Ex. D, FAQs.  Additionally, Plaintiff claims Defendant's website includes information concerning franchising opportunities throughout the United States.  Pinguelo Decl., Ex. F, Franchising Opportunity Information Request Form.  Based solely on these excerpts, Plaintiff deduces, and argues that this Court can properly conclude, that Defendant has delivered the alleged infringing courses in New Jersey.  In response, Defendant offers a sworn affidavit from its President, Ron Tracy, who asserts Defendant has not conducted any business nor has any presence in New Jersey.  See Declaration

of Ron Tracy in Support of Motion to Dismiss ("Tracy Decl. I"). After a conference call with the parties on January 6, 2009, Defendant submitted a subsequent declaration from Ron Tracy asserting that "[n]o company listed on Tracy Learning's website, and for whom seminars have been provided, has asked Tracy Learning to send the disputed materials to offices in New Jersey." Declaration of Ron Tracy, January 16, 2009, ("Tracy Decl. II") ¶1.

Here, Defendant's initial declaration and subsequent supplement demonstrate that no basis for personal jurisdiction exists in New Jersey.[1]  Defendant denies ever selling any product in New Jersey or delivering a product to New Jersey for one of its customers listed on its website. In addition, Defendant avers that it never has had employees, offices, or corporate officers in New Jersey.  By contrast, Plaintiff's support for personal jurisdiction in the case at bar is insufficient.  For instance, Plaintiff relies on the fact that Defendant processes franchising opportunities via its website.  As such, Plaintiff concludes, Defendant's posting of this interactive request form, accessible to the residents of New Jersey, is an act of purposeful availment.  Nonetheless, the case law clearly indicates that with respect to an interactive website, a defendant purposefully avails itself of personal jurisdiction when it intentionally interacts with the residents of a state via the internet.  See Step Two, 318 F.3d at 454. If, for example, Defendant had processed applications for possible franchises in New Jersey, that interaction

---

[1]     Upon receipt of President Ron Tracy's Supplemental Declaration in Support of this Motion to Dismiss, Plaintiff asked Defendant to submit another certification that averred that Defendant had never shipped any product to New Jersey for any company, not just those listed on Defendant's website.  The Court notes that this request is excessive and would yield duplicative affirmations.  Specifically, Defendant has already asserted in its first declaration that it has never sold a product in New Jersey.  Accordingly, the Court finds the present declarations submitted by Defendant sufficient to support its Motion to Dismiss.

6

would have been probative to this Court's personal jurisdiction analysis.[2]   However, Defendant's declaration forecloses this possibility as it denies ever engaging any New Jersey residents in any possible franchise opportunities or engaging any New Jersey resident or business for any business purpose.  In sum, Defendant's declarations rebut Plaintiff's evidence proffered in support of personal jurisdiction in the case at bar.  Accordingly, the Court grants Defendant's Motion to Dismiss for lack of personal jurisdiction.


**III. CONCLUSION**

    For the foregoing reasons, Defendant's Motion to Dismiss is granted.  Accordingly, Plaintiff's Complaint is dismissed without prejudice.


                                                            /s/Freda L. Wolfson
                                                        Freda L. Wolfson, U.S.D.J.

Date: January 29, 2009

---

        [2]The Court need not determine whether this fact alone would have been sufficient to connote personal jurisdiction.

7